# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Torio D. Benns

### July 9, 2013

### Case No. (Criminal) CR13-705

By Judge Mary Jane Hall

The matter came before the Court on Defendant's motion to suppress evidence recovered from Defendant, who was stopped by the police while a passenger in a taxicab. The motion also seeks the suppression of a statement that he gave to the police thereafter as a result of the allegedly illegal stop. For the reasons discussed herein, the motion is overruled.

*Factual Background*

Sergeant Frank Curott of the Norfolk Police Department testified that the police had received information from a reliable confidential informant that Defendant was in the presence of a suspect, Lockhart, who was wanted for two recent bank robberies. The informant had already provided information about the vehicle used in the bank robberies, which police successfully recovered and which contained items that had been used in the robberies. The police had warrants on file for Lockhart's arrest. Benns, described by the informant to be in Lockhart's company, was wanted for questioning in connection with the two robberies.

Sgt. Curott testified that he determined that Benns was staying in a motel at the corner of Tidewater Drive and Virginia Beach Boulevard. On the day of the stop, Curott had set up surveillance at the motel. Shortly after setting up surveillance, he observed a taxi cab enter the hotel parking lot, drive around the rear of the building, and, about a minute later, drive back out of the lot. As the cab exited the motel, the sergeant observed an individual in the back seat of the vehicle who was "scrunched down," as if lying in the back seat. Curott testified that all he could see was the top of his head. He radioed the fact that the taxi cab was leaving the location and instructed a police team to stop it and determine whether Lockhart or Benns was the

back seat occupant. Defendant contests the existence of any probable cause for the stop.

## Discussion

In the present case, the police knew that Benns was staying at the subject motel, and they had a credible basis to believe that Benns was in the company of Lockhart, who was wanted for robbery. Sgt. Curott observed a taxi leaving the hotel with an occupant who was ducking down, behavior consistent with a desire to avoid being seen. Ducking down inside a car was one of the factors cited by the Court of Appeals as justifying a reasonable suspicion that authorized further inquiry by the police in *Troncoso v. Commonwealth*, 12 Va. App. 942 (1991).

The analogous case of *Howard v. Commonwealth*, 210 Va. 674 (1970), also involved the stop of a taxicab containing a passenger, of whom the police wanted to inquire about a robbery committed earlier that morning. The defendant contended that he had been subjected to an illegal arrest when the cab was stopped. The Virginia Supreme Court disagreed and held:

> When a person is observed by a law enforcement officer under suspicious circumstances, he is not clothed with the right of privacy which prevents a police officer from inquiring into his identity and actions. The welfare of the public demands that a law enforcement officer use his faculties of observation and act thereon within proper limits. It is not only the right, but the duty, of a police officer to investigate suspicious conduct, and he may "in appropriate circumstances and in an appropriate manner, approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."

*Id.* at 677, *citing Terry v. Ohio*, 392 U.S.1 (1968).

The departure of the cab from the motel where Sgt. Curott knew Benns to be staying, coupled with the apparent attempt of the passenger to avoid being seen, supported his decision to briefly detain the cab and inquire about the identity of the passenger.

The motion is overruled.