**Alexandria**

ROBERT I. TRONCOSO

v.

COMMONWEALTH OF VIRGINIA

No. 1989-89-4

Decided July 9, 1991

COUNSEL

Mark E. Sharp (Dixon & Smith, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Convicted of possession of marijuana, in an amount greater than one-half ounce but less than five pounds, with intent to distribute it, the appellant, Robert I. Troncoso, contends that the trial court erred in denying his motion to suppress marijuana seized from his person and automobile by the arresting officer. He argues (1) that Code § 19.2-60 contains a statutory exclusionary rule which is not limited to constitutional violations, (2) that Code § 19.2-83 imposes upon the police a burden of articulable suspicion necessary for investigatory detention greater than that imposed by *Terry v. Ohio*, 392 U.S. 1 (1968), (3) that the act of the police officer in pulling up behind the appellant's car and shining his bright lights and spotlight on the appellant constituted a seizure of the appellant's person, and (4) that the police officer's observations prior to confronting the appellant did not provide a sufficient basis for an investigatory stop under Code § 19.2-83. We

find no error and affirm the judgment of the trial court.

Appellant first contends that Code § 19.2-60 sets forth an exclusionary rule requiring the suppression of evidence unlawfully, although not necessarily unconstitutionally, seized. In support of this position, he cites *Commonwealth v. Ragland*, 7 Va. App. 452, 374 S.E.2d 183 (1988), and *Commonwealth v. Brown*, 8 Va. App. 41, 378 S.E.2d 623 (1989). Both of these cases involved dismissal of interlocutory appeals by the Commonwealth addressed to trial court orders suppressing evidence pursuant to Code § 19.2-60. However, neither case supports the proposition advanced by the appellant. *Ragland* and *Brown* merely denied the Commonwealth's right of appeal on the ground that the Constitution of Virginia and Code § 19.2-398 authorize Commonwealth appeals only when evidence is suppressed on constitutional grounds.

■ Code § 19.2-60 is a procedural statute. It is found in the chapter of the code dealing with the issuance and execution of search warrants. It provides for the making of a motion to return property illegally seized and to suppress the introduction of that property as evidence. While it directs the disposition of the subject property if the motion is granted, it sets forth no rules or standards governing decision on such motions, nor does it command the suppression or exclusion of evidence.

■ "[H]istorically, searches or seizures made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right." *Brown*, 8 Va. at 44, 378 S.E.2d at 624 (Baker concurring). *See also Hart v. Commonwealth*, 221 Va. 283, 287 n.*, 269 S.E.2d 806, 809 n.* (1980); *Horne v. Commonwealth*, 230 Va. 512, 518-19, 339 S.E.2d 186, 191 (1986). Virginia employs the rule of *Weeks v. United States*, 232 U.S. 383 (1914), made applicable to the states by *Mapp v. Ohio*, 367 U.S. 643 (1961), that evidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against an accused. However, our Supreme Court has steadfastly refused to extend that rule to encompass evidence seized pursuant to statutory violations, absent an express statutory provision for suppression. *See Hall v. Commonwealth*, 138 Va. 727, 733-34, 121 S.E. 154 (1924); *Thompson v. Commonwealth*, 10 Va. App. 117, 122, 390 S.E.2d 198, 201 (1990).

■ We hold that a motion under Code § 19.2-60 must be decided according to the established rules governing the suppression of evidence. Accordingly, suppression is properly denied absent a showing that the evidence was seized pursuant to a constitutional violation or pursuant to the violation of a statute which expressly provides suppression as a remedy for its breach.

On May 15, 1989, Officer Cox, while on patrol, saw a vehicle with flashing lights stopped in a roadway next to a parked Trans Am. The officer returned shortly thereafter to the scene, finding that the car which had been in the roadway was gone but the Trans Am remained. The three occupants ducked down. When Officer Cox pulled in behind the car, the three occupants got out in a "real hurry." For safety and for better visibility, Officer Cox put on his emergency lights, high beam headlights and spotlight. The appellant, who was the driver of the Trans Am, stood outside the driver's door. The other two occupants walked away quickly. As the officer approached, the appellant became fidgety and nervous and began to sweat. Officer Cox noticed a large bulge in the appellant's stomach area, which the appellant seemed to be trying to hide. When asked what it was, the appellant said that it was nothing. When Officer Cox tried to feel it, the appellant pulled away. Thinking that the bulge might be a weapon, Officer Cox patted the appellant down. He felt a soft substance and could tell that it was in a plastic bag. Suspecting that this was drugs, Officer Cox went back to his car to call for backup assistance. When he returned, he saw a bag of marijuana just under the car next to where the appellant was standing. He arrested the appellant for possession of marijuana and, upon searching him and the car incident to that arrest, found two other bags of marijuana on the appellant's person and four one-pound bags in the trunk of the car.

Code § 19.2-83 provides:

Any police officer may detain a person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or possesses a concealed weapon in violation of § 18.2-308, and may require of such person his name and address. Provided further, that such police officer may, if he reasonably believes that such person intends to do him bodily harm, search his person for a dangerous weapon, and if such person is found illegally to pos-

sess a dangerous weapon, the police officer shall take possession of the same and dispose of it as is provided by law.

■ The appellant contends that Code § 19.2-83 forbids an investigative confrontation between a citizen and a policeman, unless the policeman reasonably suspects the commission of a felony or possession of a concealed weapon. He argues that Officer Cox had no articulable basis for suspecting either situation prior to his stopping behind the Trans Am and confronting the appellant under bright lights. The appellant misreads Code § 19.2-83. It authorizes particular action under prescribed circumstances, but it does not deny to the police the authority to discharge their proper and expected function of maintaining public order through surveillance and legitimate inquiry. The authority and the duty of the police to move about the public areas of the community, to observe, and to make inquiry of citizens is not limited by the authorizing language of Code § 19.2-83, but is controlled by the fourth amendment prohibition against unreasonable search and seizure. The rule of *Terry v. Ohio*, authorizing brief investigative detention, has been approved by our Supreme Court. *See Jones v. Commonwealth*, 230 Va. 14, 18-20, 334 S.E.2d 536, 539-40, (1985); *Lansdown v. Commonwealth*, 226 Va. 204, 209-11, 308 S.E.2d 106, 108-11 (1983), *cert. denied*, 465 U.S. 1104 (1984); *Simmons v. Commonwealth*, 217 Va. 552, 554, 231 S.E.2d 218, 220 (1977).

When Officer Cox first observed the two vehicles, one was stopped illegally in the roadway. When he returned, the occupants of the Trans Am ducked down as though to avoid being seen. Officer Cox knew that the area had experienced a substantial amount of automobile theft. He pulled behind the Trans Am to observe what was happening. This involved no seizure of the appellant. The occupants of the Trans Am then hurriedly left the vehicle and two walked away quickly. The appellant reacted furtively and nervously to the officer's approach. All of this justified the officer's reasonable suspicion that criminal activity was afoot and authorized his inquiry of the appellant. The bulge which Officer Cox observed in appellant's clothing, and appellant's efforts to conceal it, justified Officer Cox's suspicion that the appellant might have a weapon, and authorized a cursory pat down for protective purposes. *See Terry*, 392 U.S. at 28. When Officer Cox felt the soft mass under appellant's clothing and heard the sound of a plastic bag crumpling, he perceived the likelihood that the

material being concealed was illegal drugs. However, no arrest then occurred. When Officer Cox returned from his police car and saw a bag of marijuana, which had not been there before, lying close to appellant just under the car, he had probable cause to believe that the appellant possessed marijuana. On that basis, he arrested the appellant. The subsequent searches derived from the arrest and are not challenged on appeal.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Keenan, J.,* and Cole, J.,** concurred

---

\* Justice Keenan participated in the hearing and decision of this case prior to her investiture as a Justice of the Supreme Court of Virginia.

\*\* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.