472 S.E.2d 649

**Kimberly O. JANIS and Thomas Janis**

**v.**

**COMMONWEALTH of Virginia.**

**Record No. 0271–95–2.**

Court of Appeals of Virginia,
Richmond.

July 9, 1996.

Fitzpatrick, J., concurred in part and dissented in part and filed opinion.

648

Charles R. Watson, Colonial Heights, for appellants.

Marla Graff Decker, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: ELDER, BRAY and FITZPATRICK, JJ.

ELDER, Judge.

Kimberly O. Janis and Thomas Janis (appellants) appeal their convictions for possession of marijuana with intent to distribute, in violation of Code § 18.2–248.1. Appellants assert that the trial court: (1) erred in denying their motion to suppress, which alleged that the search warrant's affidavit did not provide a sufficient basis to establish probable cause; (2) erred in applying the "good faith exception" to the probable cause requirement; and (3) erred in applying the "good faith exception," when Code § 19.2–54 and the Virginia Constitution, article I, § 10, preclude such an application. Because we agree with appellants' second contention, we reverse the convictions.

## I.

### FACTS

On July 19, 1993, Virginia State Police Special Agent Ronald Daniel located eleven plots of marijuana growing in a field in Dinwiddie County. Two days later, police installed a hidden video camera near one of the plots. On July 27, 1993, Daniel discovered that the hidden camera videotaped a male and female on July 26, 1993. The man, who carried a knife in his hand, and the woman were "throwing water on the marijuana plants [and] looking at the plants." On August 2, 1993, police returned to the location and found that the plants had been harvested.

On August 8, 1993, Daniel surveilled the entrance to the field and saw a red and silver truck, license number BVQ290, turn onto the dirt road leading to the field of marijuana plants. One hour later, Daniel observed the truck next to a nearby creek, with a hose leading from the truck into the creek. On August 10, 1993, police harvested some plants from the field and determined that they were marijuana.

Daniel ran a check on the license number of the truck that he had observed. He obtained the name of the truck's owner, Thomas Janis, and his address, 803 Pine Avenue, Hopewell, Virginia. Daniel personally observed Thomas Janis' truck at 803 Pine Avenue on August 8, 1993.

On August 10, 1993, Daniel filled out an affidavit requesting a warrant to search 803 Pine Avenue, Hopewell, Virginia. Daniel stated the material facts constituting probable cause as follows:

> On July 26, 1993 Thomas Janis and an unknown white female were videod [sic] on a surveillance at a marijuana plot in Dinwiddie County. Surveillance of this plot since July 26, 1993 revealed that numerous marijuana plants had been harvested. On August 8, 1993 a pick-up truck driven by Thomas Janis was observed entering and leaving a dirt trail that lead to and from the plots. A check of the plots were checked after Thomas Janis left on August 8, 1993 and

it was found that several more marijuana plants had been cut down and harvested.

On August 10, 1993, based on this affidavit, a magistrate issued a search warrant for Thomas Janis' residence, 803 Pine Avenue, in the City of Hopewell.

After executing the warrant, police found ninety-one marijuana plants at 803 Pine Avenue and arrested Thomas Janis and his wife, Kimberly Janis. Thomas Janis admitted to police that he grew the marijuana at the field in Dinwiddie County.

On August 29, 1994, the trial court overruled appellants' motion to suppress the marijuana evidence, after appellants argued that the affidavit contained insufficient facts to constitute probable cause. At a bench trial, appellants were found guilty of possessing marijuana with the intent to distribute.

## II.

## VIRGINIA CONSTITUTIONAL AND STATUTORY LAW

■ Appellants contend that the trial court erroneously applied the exclusionary rule's good faith exception to the requirements of the Virginia Constitution, article I, § 10.[1] *See United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)(discussing the good faith exception). Appellants assert that the constitutional rights and protections afforded by the Fourth Amendment to the United States Constitution differ from those afforded under the Virginia Constitution. We disagree. As this Court and the Supreme Court of Virginia have stated, the protections afforded under the Virginia Constitution, article I, § 10, are " 'substantially the same as those contained in the Fourth Amendment.' "

---

1. This section states:

 That general warrants, whereby an officer or messenger may be commanded to search suspected places without evidence of a fact committed, or to seize any person or persons not named, or whose offense is not particularly described and supported by evidence, are grievous and oppressive, and ought not to be granted.

*Iglesias v. Commonwealth,* 7 Va.App. 93, 96 n. 1, 372 S.E.2d 170, 171 n. 1 (1988)(quoting *Lowe v. Commonwealth,* 230 Va. 346, 348 n. 1, 337 S.E.2d 273, 275 n. 1 (1985), *cert. denied,* 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986)); *McCary v. Commonwealth,* 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984)("embracing" the good faith exception); *Tart v. Commonwealth,* 17 Va.App. 384, 392, 437 S.E.2d 219, 224 (1993)(concluding that the good faith exception is "an accepted component of Virginia law"). No justification exists for drawing a distinction between the two constitutional provisions for purposes of good faith analysis.

 Appellants also contend that because the police and magistrate's actions violated Code § 19.2–54, which sets the requirements for establishing probable cause in an affidavit, the good faith exception cannot provide a justification for the unconstitutional search. We also disagree with this argument. "Historically, searches or seizures made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right." *Troncoso v. Commonwealth,* 12 Va.App. 942, 944, 407 S.E.2d 349, 350 (1991).

> Virginia employs the rule of *Weeks v. United States,* 232 U.S. 383 [34 S.Ct. 341, 58 L.Ed. 652] (1914), made applicable to the states by *Mapp v. Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081] (1961), that evidence obtained in violation of constitutional proscriptions against unreasonable searches and seizures may not be used against an accused. However, our Supreme Court has steadfastly refused to extend that rule to encompass evidence seized pursuant to statutory violations, absent an express statutory provision for suppression.

*Troncoso,* 12 Va.App. at 944, 407 S.E.2d at 350.

### III.

### PROBABLE CAUSE AND THE GOOD FAITH EXCEPTION

 "The existence of probable cause is determined by examining the 'totality-of-the-circumstances.' " *Miles v. Com-*

*monwealth,* 13 Va.App. 64, 68, 408 S.E.2d 602, 604 (1991), *aff'd en banc,* 14 Va.App. 82, 414 S.E.2d 619 (1992). When reviewing a decision to issue a warrant, a reviewing court must grant "great deference" to the magistrate's interpretation of the predicate facts supporting the issuance of a search warrant and to the determination of whether probable cause supported the warrant. *See Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); *Ornelas v. United States,* —— U.S. ——, ——, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)(stating that "the scrutiny applied to a magistrate's probable-cause determination to issue a warrant is less than that for warrantless searches").

■ Despite the deference paid to the magistrate's determination in this case, we hold that the magistrate lacked a substantial basis for finding that probable cause existed. The affidavit, while not a "bare bones" affidavit, failed to provide a "nexus" that linked the marijuana found in the Dinwiddie field to 803 Pine Avenue in Hopewell. *See generally Tart,* 17 Va.App. 384, 437 S.E.2d 219 (1993)(addressing the nexus requirement); *United States v. Hove,* 848 F.2d 137 (9th Cir.1988)(stating that the facts set forth in an affidavit must establish a nexus between the place to be searched and the alleged criminal activity). Although the affidavit did not contain the address, 803 Pine Avenue, Hopewell, Virginia, we assume that Agent Daniel verbally supplied the magistrate with this address.[2] However, because the affidavit failed to explain why contraband would probably be found at the Hopewell address, Agent Daniel might just as easily have supplied the magistrate with an address belonging to an unrelated third party. Without a nexus in the affidavit linking the contraband with appellants' residence at 803 Pine Avenue, the magistrate who issued the warrant could not reasonably have concluded that contraband would probably be found at the premises to be searched.

---

**2.** We do not, however, assume that the information was provided "under oath or affirmation" as required by the Fourth Amendment.

Furthermore, an exception to the *Leon* good faith rule mandates a reversal of this case. *See McCary*, 228 Va. at 232, 321 S.E.2d at 644 (discussing the good faith exception); *Atkins v. Commonwealth*, 9 Va.App. 462, 464, 389 S.E.2d 179, 180 (1990)(same).

■ "[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *Leon*, 468 U.S. at 916, 104 S.Ct. at 3417. "In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." *Id.* at 921, 104 S.Ct. at 3419. The deterrent effect of the exclusionary rule "is absent where an officer, acting in objective good faith, obtains a search warrant from a magistrate and acts within the scope of the warrant." *Derr v. Commonwealth*, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991).

■ The good faith exception is *not* available in four instances:

(1) [W]here the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) *the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable* or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid.

*Robinson v. Commonwealth*, 19 Va.App. 642, 647, 453 S.E.2d 916, 918 (1995)(emphasis added).

■ Despite the absence of police misconduct in this case, we hold that the third situation bars application of the *Leon* good faith exception. As explained above, the affidavit provided no nexus between the marijuana cultivated in Dinwiddie and the residence at 803 Pine Avenue in Hopewell. The affidavit gave absolutely no indication that the fruits of criminal activity would probably be found at that location, rendering Agent Daniel's belief in probable cause, *based solely on the affidavit, objectively unreasonable. Compare Robinson*, 19

Va.App. 642, 453 S.E.2d 916 (1995)(holding that the affidavit was "far from a 'bare bones' allegation of wrongdoing"); *Miles,* 13 Va.App. 64, 408 S.E.2d 602 (1991)(holding that the affidavit provided sufficient indicia of probable cause).

This case strongly resembles *Hove.* In *Hove,* the investigating officer believed that the suspect whom he was investigating for a recent bombing attack was located at a particular residence. The affidavit, however, never linked the suspect or any criminal activity with the residence. This error went unnoticed by the magistrate, who issued a search warrant based on the affidavit. 848 F.2d at 139. "The district court found that the affidavit was deficient, but held that the evidence seized was admissible" under *Leon. Id.* at 138. The United States Court of Appeals for the Ninth Circuit reversed the district court's ruling, stating that "any official belief in the existence of probable cause must be considered unreasonable." *Id.* at 140.

The Court of Appeals for the Ninth Circuit stated that the *Leon* exception does *not* extend "to allow the consideration of facts known only to an officer and not presented to a magistrate. The *Leon* test for good faith reliance is clearly an objective one and it is based solely on facts presented to the magistrate." [3] *Id.*

---

**3.** In this case, appellants' counsel told the trial court that appellants were "not saying [Agent Daniel] [was] lying" in preparing the affidavit, nor were they "saying he [was] even reckless or could not have harbored an objectively reasonable belief in the existence of probable cause." This statement does not affect the analysis of this issue, as our focus remains on the affidavit, *not* what a reasonable officer in Agent Daniel's position would have believed.

Another line of cases, on which the dissent relies, rejects the *Hove* analysis. These cases hold that although a reviewing court may not look to facts outside of the affidavit to determine probable cause, when assessing good faith, the court must look to the totality of the circumstances, *including what the affiant knew but did not include in the affidavit.* See, *e.g., United States v. Taxacher,* 902 F.2d 867 (11th Cir.1990), *cert. denied,* 499 U.S. 919, 111 S.Ct. 1307, 113 L.Ed.2d 242 (1991); *United States v. Martin,* 833 F.2d 752 (8th Cir.1987), *cert. denied,* 494 U.S. 1070, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990).

We need not reach the issue which recently surfaced in *United States v. Wilhelm,* 80 F.3d 116 (4th Cir.1996). In *Wilhelm,* the United States

When the officers have not presented a colorable showing, and *the warrant and affidavit on their face* preclude reasonable reliance, the reasoning of *Leon* does not apply. To permit the total deficiency of the warrant and affidavit to be remedied by subsequent testimony concerning the subjective knowledge of the officer who sought the warrant would, we believe, unduly erode the protections of the fourth amendment.

*Id.* at 140 (emphasis added).

We therefore reverse and remand for further proceedings consistent with this opinion if the Commonwealth be so advised.

*Reversed and remanded.*

FITZPATRICK, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that the affidavit in this case failed to establish probable cause. The affidavit clearly did not link the marijuana found in the Dinwiddie field to appellants' residence at 803 Pine Avenue in Hopewell. However, I respectfully disagree with the majority's conclusion that an exception to the good faith rule established in *United States v. Leon,* 468 U.S. 897 (1984), controls this case. Specifically, I disagree with the majority's opinion concerning

---

Court of Appeals for the Fourth Circuit interpreted the third exception to the *Leon* test to mean that the good faith exception does not apply where the affidavit did not "provide *the magistrate* with a substantial basis for determining the existence of probable cause." *Wilhelm,* 80 F.3d at 123. Because a reasonable jurist has more legal training than a reasonably well-trained officer, our determination that Agent Daniel lacked a basis to find probable cause within the four corners of the affidavit automatically means that a *reasonable magistrate* would also have found insufficient facts to establish probable cause. *See Taxacher,* 902 F.2d at 872.

For a general discussion of this area of the law, see 1 Wayne R. LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 1.3(f), at 87–90 (3d ed. 1996); 1 John Wesley Hall, Jr., *Search & Seizure* § 5:10–11, at 208–13 (2d ed. 1991); Marc Zamsky, *Inconsistent Application of Good Faith: A Circumvention of Fourth Amendment Rights,* 64 Temp. L.Rev. 801 (1991).

the standard to be used in evaluating the third exception to the *Leon* good faith rule—whether a warrant is "based on an affidavit 'so lacking in indicia of probable cause' as to render official belief in its existence unreasonable." *Robinson v. Commonwealth,* 19 Va.App. 642, 647, 453 S.E.2d 916, 918 (1995). Thus, I would hold that the *Leon* good faith exception to the exclusionary rule applies and would affirm the decision of the trial court.

The majority holds that the third exception to the *Leon* good faith rule mandates reversal because "the affidavit gave absolutely no indication that the fruits of criminal activity would probably be found at that location, rendering Agent Daniel's belief in probable cause, *based solely on the affidavit, objectively unreasonable.*" Relying on *United States v. Hove,* 848 F.2d 137 (9th Cir.1988), the majority also holds "that the *Leon* exception does *not* extend 'to allow the consideration of facts known only to an officer and not presented to a magistrate.'" Thus, the majority limits the consideration of whether an officer's reliance on a warrant issued by a magistrate is reasonable to the facts contained in the affidavit alone.

I disagree with *Hove*'s analysis and would apply the standard used in *United States v. Taxacher,* 902 F.2d 867 (11th Cir.1990), *cert. denied,* 499 U.S. 919, 111 S.Ct. 1307, 113 L.Ed.2d 242 (1991), and *United States v. Martin,* 833 F.2d 752 (8th Cir.1987), *cert. denied,* 494 U.S. 1070, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990). In *Taxacher,* the Court of Appeals for the Eleventh Circuit held that the test to be used in evaluating the third exception to the *Leon* good faith rule is "whether the *officer* acted in objective good faith under all the circumstances." 902 F.2d at 871 (emphasis added). The Court recognized that "[t]he focus in *Leon* is on the officer. '[T]he officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable....'" *Id.* (quoting *Leon,* 468 U.S. at 922, 104 S.Ct. at 3420). The Court explained that the "reasonable jurist" language used in *Leon* was "merely intended to bolster the [Supreme] Court's holding that the officer had acted reasonably under the circumstances; *Leon* did not

establish a 'reasonable jurist' test as the threshold." *Id.* at 872 (footnote omitted). Similarly, in *Martin,* the Court of Appeals for the Eighth Circuit recognized that, "[a]lthough we may not look to facts outside of the affidavit to determine probable cause, when assessing good faith we can and must look to the totality of the circumstances including what [the officer] knew but did not include in his affidavit." 833 F.2d at 755–56 (citation omitted). As the Court of Appeals for the Eleventh Circuit stated in *Taxacher,* the totality of circumstances standard for evaluating an officer's reasonableness in relying on a warrant "comports with the language used in *Leon,* . . . and is also consistent with the purposes underlying the exclusionary rule and the good faith exception." 902 F.2d at 872.

In the instant case, the totality of the circumstances established that: (1) Agent Daniel located marijuana growing in a field in Dinwiddie County; (2) the police installed a video camera near the marijuana field; (3) the camera videotaped a man and woman watering the marijuana plants; (4) Agent Daniel surveilled the field and saw a red and silver truck on a dirt road near the field; (5) Agent Daniel saw the red and silver truck with a hose leading from the truck to a nearby creek; (6) Agent Daniel checked the license number of the truck and determined that the truck belonged to Thomas Janis, who resided at 803 Pine Avenue in Hopewell, Virginia; and (7) Agent Daniel went to 803 Pine Avenue and saw the same red and silver truck that he had observed near the marijuana field. The affidavit submitted by Agent Daniel failed to disclose that he ran the license number of the truck, that he determined that the truck was registered to Thomas Janis, or that he saw the same red and silver truck parked at 803 Pine Avenue in Hopewell. However, based on the totality of the circumstances, once the magistrate issued the warrant based on the affidavit, Agent Daniel acted in objective good faith in relying on the warrant.

Therefore, I respectfully dissent from the majority's opinion and would affirm the trial court.