COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick,* Judge Annunziata and
    Senior Judge Duff
Argued at Alexandria, Virginia

COMMONWEALTH OF VIRGINIA
                                  MEMORANDUM OPINION** BY
v.   Record No. 1471-97-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                     NOVEMBER 25, 1997
SHARON McINTYRE


          FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
               Wiley R. Wright, Jr., Judge Designate

          H. Elizabeth Shaffer, Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellant.

          Jonathan Shapiro (Law Offices of Jonathan
          Shapiro, P.C., on brief), for appellee.


     Sharon McIntyre (appellee) was indicted for possession of

cocaine and marijuana in violation of Code § 18.2-250.  Appellee

filed a motion to suppress evidence seized as a result of a

search of 3201 Landover Street #1202 in Alexandria.  The trial

court granted the suppression motion, and the Commonwealth noted

an appeal pursuant to Code § 19.2-398(2).  On appeal, the

Commonwealth argues that the trial court erred (1) in finding

that the affidavit supporting the search warrant failed to

provide probable cause for the search; and (2) in refusing to

apply the good faith exception to justify the search.  We hold

that the affidavit established a sufficient nexus between the

---

          *On November 19, 1997, Judge Fitzpatrick succeeded Judge
Moon as chief judge.

          **Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence sought and the place searched to justify the issuance of the search warrant. For the following reasons, we reverse and remand.

## Background

Appellee lived in apartment #1202 at 3201 Landover Street with her daughter, Lisa Lafay, the named lessee. On January 16, 1997, Detective Shawn Monaghan of the Fairfax County Narcotics Division appeared before an Alexandria magistrate and obtained a search warrant for "3201 Landover Street #1202, Alexandria, Virginia, (City of Alexandria)." The purpose of the search was to locate money, paraphernalia, records and documents related to the distribution of cocaine. Although appellee was not the target of the investigation, upon executing the warrant, Detective Monaghan discovered cocaine and other evidence that implicated appellee and led to her indictment. Because appellee challenges the sufficiency of the affidavit supporting the search warrant, we set out the contents in some detail.

In the seven-page affidavit, Detective Monaghan described his investigation into the cocaine-related activities of Christopher Charles Lafay, appellee's son-in-law.[1] Monaghan spoke with two confidential informants who indicated that Lafay distributed cocaine in Fairfax County, that he had been seen with large amounts of cocaine, marijuana and cash, that Lafay had

_____

[1]The affidavit also described Detective Monaghan's training and experience, including seven years of undercover work and four years in the Narcotics Division.

2

previously stored large quantities of illegal controlled substances in a storage bin at Shurgood Storage Centers, and that he drove a Ford with Virginia license ZLZ-1773. Detective Monaghan investigated the license plate number and learned that it was registered to a Ford four-wheel drive vehicle owned by Chris Lafay. He also obtained Lafay's Social Security number and date of birth and used them to discover that Lafay pled guilty to "trafficking cocaine by possession" in 1993. After he confirmed that Chris Lafay owned unit #18 at Shurgood Storage, the detective obtained and executed a search warrant on the storage bin.[2] He discovered records in the name of Chris Lafay and a baggie containing white powder-type residue that field-tested as cocaine.

Further investigation revealed that Chris Lafay was married to Lisa Lafay, who also pled guilty to "trafficking cocaine by possession" in 1993, and whose current address was 3201 Landover Street, Apartment #1202 in Alexandria. While conducting surveillance, Monaghan observed Chris Lafay's Ford parked in front of Lisa's apartment building. One concerned citizen in the

[2]The affidavit for the storage bin search warrant stated, in part, "it is the experience of your Affiant that, to avoid detection and apprehension by law enforcement, habitual drug dealers are aware of, study, and take measures to protect themselves from the undercover operations undertaken by law enforcement personnel. These measures include but are not limited to, the use of storage facilities to house large amounts of drugs/narcotics and cash. The storage facility is used to keep the drugs and cash out of their immediate possession, but still easily accessible and secure." This information was not contained in the affidavit for the disputed search.

management office of the apartment building told the detective that Lisa lived in apartment #1202, that Chris had been coming and going during the past few weeks, and that the citizen believed Chris was staying in that apartment with Lisa.  A second concerned citizen told Detective Monaghan that he had seen a black 1991 Explorer with Virginia license ZLZ-1773 parked in front of the building.

> The affidavit further stated:
>> It is the experience of your affiant that persons who traffic in cocaine do keep records and documents to insure a continued supply of customers and source of supply, as well as money, financial records reflecting amounts and kinds of controlled substances purchased with amounts paid and received. These records include, but are not limited to, telephone books, toll records, address books, computers, computer disks, electronic storage devices, and money lists showing money paid and owed.  Persons who regularly traffic in controlled substances also keep paraphernalia used in the sale of controlled substances to include, but not limited to, scales, baggies, measuring devices, aluminum foil and other types of containers.

At the hearing on appellee's motion to suppress, the trial court found that the affidavit failed to establish the requisite nexus between the items sought and the place to be searched and that the Leon good faith exception did not apply.  The court failed to reach appellee's contentions that the magistrate's failure to comply with Code § 19.2-54 and the affiant's material omission (see supra, note 2) also required suppression of the evidence.

4

## Validity of the Warrant

"The task of the issuing magistrate is simply to make a practical commonsense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Miles v. Commonwealth, 13 Va. App. 64, 68-69, 408 S.E.2d 602, 604-05 (1991) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)), aff'd en banc, 14 Va. App. 82, 414 S.E.2d 619 (1992). "The initial determination of probable cause requires the magistrate to weigh the evidence presented in light of the totality of the circumstances." Tart v. Commonwealth, 17 Va. App. 384, 387, 437 S.E.2d 219, 221 (1993). "'[A] magistrate may draw reasonable inferences from the material supplied to him.'" Miles, 13 Va. App. at 69, 408 S.E.2d at 605 (quoting Williams v. Commonwealth, 4 Va. App. 53, 68, 354 S.E.2d 79, 87 (1987)).

"When reviewing a decision to issue a warrant, a reviewing court must grant great deference to the magistrate's interpretation of the predicate facts supporting the issuance of a search warrant and to the determination of whether probable cause supported the warrant." Janis v. Commonwealth, 22 Va. App. 646, 652, 472 S.E.2d 649, 652 (citation omitted), aff'd en banc, 23 Va. App. 696, 479 S.E.2d 534 (1996). See Ornelas v. United States, ___ U.S. ___, 116 S. Ct. 1657, 1663 (1996) (stating that "the scrutiny applied to a magistrate's probable-cause

5

determination to issue a warrant is less than that for warrantless searches"). "'A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant.'" Tart, 17 Va. App. at 388, 437 S.E.2d at 221 (quoting Williams, 4 Va. App. at 68, 354 S.E.2d at 87).

The underlying affidavit in the instant case provided the magistrate with a substantial basis for determining probable cause. The affidavit contained statements of confidential informants that Chris Lafay sold cocaine and kept drugs and drug-related paraphernalia in his rented storage bin. The affidavit described in detail Detective Monaghan's investigation and his corroboration of information provided by concerned citizens. The detective discovered some records and evidence of cocaine in Lafay's storage bin, and he learned that Lafay was married, that his wife leased the apartment to be searched, and that Lafay had frequented her apartment building recently. Additionally, the affidavit reviewed Monaghan's extensive training and experience in drug-related investigation and described the detective's experience and knowledge that drug dealers keep drug-related records and paraphernalia. The affidavit reasonably supported the inference that Chris Lafay was a drug dealer, that he was living with his wife at her apartment, and that he kept drug-related records and paraphernalia.

"A magistrate is entitled to draw reasonable inferences

about where incriminating evidence is likely to be found, based on the nature of the evidence and the type of offense." Gwinn v. Commonwealth, 16 Va. App. 972, 975, 434 S.E.2d 901, 904 (1993) (citing United States v. Fannin, 817 F.2d 1379 (9th Cir. 1987)). "In the case of drug dealers, evidence of that ongoing criminal activity is likely to be found where the dealer resides." Gwinn, 16 Va. App. at 976, 434 S.E.2d at 904 (citation omitted). The magistrate could reasonably infer that drug-related records or paraphernalia would probably be found at 3201 Landover Street #1202 in Alexandria. Therefore, we hold that the affidavit provided an adequate nexus linking evidence of Chris Lafay's drug-related activity to the premises searched.

## Good Faith Exception

"Assuming, arguendo, that the warrant was not issued upon probable cause, evidence seized pursuant to the warrant is nevertheless admissible if the officer executing the warrant reasonably believed that the warrant was valid." Tart, 17 Va. App. at 389, 437 S.E.2d at 222 (citing United States v. Leon, 468 U.S. 897 (1984)) (other citations omitted). However, the good faith exception is not available in the following four instances:

> "(1)[W]here the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant

7

> was based on an affidavit so lacking in
> indicia of probable cause as to render
> official belief in its existence unreasonable
> or (4) where the warrant was so facially
> deficient that an executing officer could not
> reasonably have assumed it was valid."

Janis, 22 Va. App. at 653, 472 S.E.2d at 653 (citation omitted).

Appellee argues that this case is "identical" to Janis, where this Court held that an affidavit supporting a search warrant "gave absolutely no indication that the fruits of criminal activity would probably be found at [the location searched]." Id. Appellee's reliance is misplaced. The affidavit at issue in Janis failed to indicate the address to be searched or to explain why contraband would be found there. Id. at 652, 472 S.E.2d at 653. The affidavit in the instant case described Lafay's confirmed presence at the apartment building where his wife maintained a residence and described why the detective believed he would find drug-related evidence there. This information, in the context of the detailed investigation, provides sufficient indicia of probable cause to justify the warrant under the good faith exception to the search warrant requirement.

Reversed and remanded.
