# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Herman Brown

June 15, 1998

Case No. (Criminal) 93895

BY JUDGE LESLIE M. ALDEN

Herman Brown moves the Court to suppress all evidence obtained as a result of a search of his home by the Fairfax County Police Department ("FCPD") on December 23, 1997. As grounds for the suppression, Brown asserts that the affidavit underlying the search warrant failed to provide sufficient evidence of criminal activity at the place to be searched. Brown further asserts that the evidence should be suppressed because the good faith exception to the exclusionary rule recognized in *United States v. Leon*, 468 U.S. 897 (1984), does not apply in this case. For the reasons stated herein, I conclude that the affidavit in support of the search warrant establishes a nexus between the place to be searched and the criminal activity of Brown; accordingly, the motion to suppress is denied.

*Facts*

On December 23, 1997, Detective Darrell E. Nichols of the FCPD received information from a Detective Weller of the Prince Georges County Police Department in Maryland. Weller told Nichols that Brown had been detained in the course of a controlled drug buy for a quantity of marijuana set up by the police in Maryland. During the detention on December 23, 1997, $40,000.00 in cash and marijuana residue was found in a concealed compartment of the motor vehicle driven by Brown which had a Virginia license plate ZLB-4429. Brown, with a date of birth of February 8, 1958, was

identified to be a resident of 6412 Edsall Road, Apt. # 202, Alexandria, Virginia, in Fairfax County.

After receiving this information from Weller, Nichols conducted a check with the FCPD Narcotic Drug Track Computer. As a result, Nichols learned that in 1995, an identified citizen notified the FCPD that a Herman Brown, residing at the Edsall Road address, was involved in drug dealing, made trips to New York, had no known employment, and was usually seen to be at his home. In addition, Nichols determined that Brown had numerous arrests for narcotics violations in Alabama, New York, and New Jersey. A check with the Department of Motor Vehicles revealed that Herman Brown, with a date of birth of February 5, 1958, currently resided at the Edsall Road address.

Nichols included these facts, along with other information regarding the circumstances of the confrontation in Maryland, in his affidavit in support of the search warrant. In addition, Nichols affirmed that based on his training, knowledge, and experience, persons who traffic in narcotics carry large sums of money, keep records of names of suppliers and other information related to the illegal transactions, and that such information would likely be found at Brown's residence. Based upon this information, the magistrate issued a search warrant for Brown's Edsall Road residence. The affidavit and search warrant were received in evidence as Exhibit 1; a written notation of the citizen tip was received as Exhibit 2.

The search warrant was executed at Brown's home by Nichols later that day. Nichols recovered, *inter alia*, a weapon, ammunition, marijuana, paraphernalia, and records. As a result of the items recovered during the search, Brown has been indicted for possession of marijuana with the intent to distribute and possession of a weapon by a convicted felon.

During the hearing on the motion to suppress, Nichols testified that he met with Weller before preparing the affidavit in support of the search warrant, that the controlled drug buy was not consummated, that no drugs, other than the marijuana residue, were found in Brown's vehicle, and that no one reported having seen drugs in Brown's residence.

### Applicable Authority

"The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Garza v. Commonwealth*, 228 Va. 559, 563 (1984). The initial determination of probable cause requires the magistrate to weigh the evidence presented in light

of the totality of circumstances. In contrast, "the duty of the reviewing court is simply to ensure that the magistrate had a substantial basis for ... concluding that probable cause existed." *Gates*, 462 U.S. at 238-39; *Garza*, 228 Va. at 563.

Here, the magistrate had a substantial basis for finding that probable cause existed to search Brown's residence for evidence of drug dealing. The affidavit explicitly linked Brown with the Edsall Road residence. The facts set forth in the affidavit clearly provide a nexus between the criminal conduct, Brown's possession of cash and marijuana along with suspected drug dealing, and the place to be searched, Brown's residence. Indeed, the common element establishing the nexus between the conduct and the place to be searched was Brown himself. Further, Nichols, in the affidavit, clearly explained why contraband would likely be found at Brown's Edsall Road address. Accordingly, this case is easily distinguishable from those cases where no nexus was found to exist between the criminal conduct and the place to be searched because the underlying affidavits were deficient.

For example, in *Janis v. Commonwealth*, 22 Va. App. 646 (1996), the affidavit recited the fact of marijuana growing in a field but failed to link the suspect or any criminal activity with the residence to be searched. Similarly, in *Miles v. Commonwealth*, 13 Va. App. 64 (1991), *aff'd en banc* 14 Va. App. 82 (1992), the affidavit was insufficient because the underlying information was not sufficiently detailed to link the defendant or criminal behavior to the place to be searched.[1] In *United States v. Hove*, 848 F.2d 137 (9th Cir. 1988), a case cited by the Virginia Court of Appeals, the affidavit failed to link the suspect or the threatening letters to the residence to be searched. Further, the affidavit offered no explanation as to why the police believed incriminating evidence would be found at the residence.

In this case, the information from Weller was reliable, sufficiently detailed, and was corroborated in significant part by Nichols. Further, Nichols explained, based on his extensive experience with the FCPD, why books and records related to drug transactions were likely to be found at Brown's residence. The totality of the circumstances in this case supports the conclusion that, from the affidavit, the magistrate had a substantial basis to determine that probable cause existed. Although the 1995 tip found by Nichols in the FCPD drug computer was arguably stale and probably insufficient in itself to provide

---

[1] Even though the Court found that the affidavit was insufficient in *Miles*, it did find that the good faith exception to the exclusionary rule applied and did not suppress the evidence.

a substantial basis for the magistrate's conclusion, it was appropriately considered by the magistrate in the totality of circumstances.

Finally, even assuming, *arguendo*, that the magistrate's conclusion was erroneous, the evidence seized pursuant to the warrant is nevertheless admissible if the officer executing the warrant reasonably believed that the warrant was valid. *Lanier v. Commonwealth*, 10 Va. App. 541, 547 (1990) (citations omitted). Here, I conclude that there is not any evidence that the police acted other than in good faith, and, from the totality of the circumstances, I conclude that the officer harbored an objectively reasonable belief in the existence of probable cause. Therefore, the purposes of the exclusionary rule would not be served by excluding this evidence in any event. *Tart v. Commonwealth*, 17 Va. App. 384, 390 (1993). Accordingly, the good faith exception to the exclusionary rule would apply, and the evidence would not be suppressed.

For all of the reasons set forth herein, the Motion to Suppress is hereby denied.