COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.    Record No. 2497-00-2          JUDGE RUDOLPH BUMGARDNER, III
                                         MARCH 15, 2001
ERIC RANDAL NORMAN AND
 CHRISTOPHER LANE WALTON


FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
William H. Shaw, III, Judge

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellant.

Joseph R. Caprio (Michael T. Soberick;
Dusewicz & Soberick, P.C., on brief), for
appellees.

Eric Randal Norman and Christopher Lane Walton filed motions to suppress evidence seized during execution of a search warrant.  The trial court granted the motions and suppressed use of the evidence in proving burglary and grand larceny by the defendants.  The Commonwealth contends the evidence was admissible because the good faith exception to the exclusionary rule applied.  We agree, and reverse the ruling.

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Captain Bruce A. Boles was investigating a burglary and larceny at the home of Robert C. Pitts in Middlesex County on January 21, 2000.  On March 21, 2000, a deputy told him the television set stolen from Pitts's home was in a wooded area in the rear of the defendants' residence in King & Queen County. Two days later, Captain Boles obtained a warrant[1] to search the defendants' residence for items stolen January 21.  It also authorized a search for any pawn tickets or sales receipts that indicated a transfer of any of the stolen property.  The defendants moved to suppress the evidence recovered during the search.

The trial court ruled the affidavit did not establish probable cause for a search warrant of the residence.  It characterized the affidavit as more than "bare bones" but found it "so lacking in probable cause" that the good faith exception was not applicable.  United States v. Leon, 468 U.S. 897 (1984). The trial court suppressed the evidence found pursuant to the

------

[1] The affidavit recited these facts:

> On Tuesday, 03-21-00 at approximately 3:20 pm I [Captain Boles] spoke with King & Queen County Deputy Sheriff Tommy Atkinson by telephone regarding identification of a television which he had located in a wooded area in the rear of the residence of Eric Norman . . . in King & Queen County, Virginia.  Atkinson told me that [the] serial number [on the television] matches the television stolen from the residence of Robert Pitts.

-

warrant but admitted the television found "in a wooded area in the rear" of the residence.

Ordinarily, an officer executing a search warrant "cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient." Leon, 468 U.S. at 921. The good faith exception does not apply if (1) there is evidence the magistrate abandoned his judicial role, (2) the magistrate was misled by information in the affidavit, (3) the warrant was so lacking in indicia of probable cause as to render official belief in its existence unreasonable, or (4) the warrant was so facially deficient that an officer could not have reasonably assumed it was valid. Leon, 468 U.S. at 923.

The Commonwealth did not appeal the ruling that the affidavit did not provide probable cause for a search warrant. The parties agree that only the third exception of Leon could apply in this case. The issue is whether the officer could reasonably presume the warrant was valid. Atkins v. Commonwealth, 9 Va. App. 462, 464, 389 S.E.2d 179, 180 (1990).

Colaw v. Commonwealth, 32 Va. App. 806, 810-11, 531 S.E.2d 31, 33 (2000), refused to apply the good faith exception where an informant provided sketchy information about a drug party to be held at a residence. The affidavit was "bare bones" and contained nothing more than conclusory declarations about a

-

future event.  It failed to provide a basis for the informant's knowledge and did not even state when the party would be held.

Janis v. Commonwealth, 22 Va. App. 646, 652, 472 S.E.2d 649, 652, aff'd en banc, 23 Va. App. 696, 479 S.E.2d 534 (1996), reversed an application of the good faith exception.  The police observed the defendants cultivating marijuana in a field in Dinwiddie County.  They obtained a search warrant for the defendants' home in Hopewell.  The affidavit failed to provide a nexus between the marijuana found in Dinwiddie and the residence in Hopewell.  "[T]he affidavit gave absolutely no indication that the fruits of the criminal activity would probably be found" at the defendants' residence.  22 Va. App. at 653-54, 472 S.E.2d at 653.

In this case, the trial court found that the search warrant was supported by more than a "bare bones" affidavit.  The information was not a conclusory declaration about a future event at some unspecified time.  It was a clear and succinct statement of fact by a deputy sheriff who had identified the precise television taken during the burglary.  The deputy found it in the woods behind the defendants' house.  The officer investigating the burglary compiled the information during his continuing investigation of the burglary.  The information came from a deputy sheriff, not from an unconnected tip by an unknown informer.  A reasonable officer could infer that the stolen television hidden in the woods behind a house was connected to

-

the house or the people in it.  The location of the stolen television provided a nexus between the information in the affidavit and the place to be searched.  The television itself was admitted into evidence.

"[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates."  Leon, 468 U.S. at 916.  Evidence seized pursuant to a warrant should be suppressed "on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule."  Leon, 468 U.S. at 918.  If none of the evils to be avoided in Leon are present, the evidence should be admitted.  Polston v. Commonwealth, 255 Va. 500, 504, 498 S.E.2d 924, 926 (1998); Derr v. Commonwealth, 242 Va. 413, 422, 410 S.E.2d 662, 667 (1991).

As in Leon, the information in the affidavit provided "evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause."  468 U.S. at 926.  The trial court found deficiencies in timeliness of the information and the lack of detail about the proximity and association of the woods with the house, but that was detail for the magistrate to assay.  We conclude the warrant was sufficiently descriptive that the officer could reasonably presume it was valid.  He acted in good faith in executing the

-

warrant and acted within its scope.  Accordingly, the good faith exception applied, and the evidence is admissible.

<u>Reversed and remanded.</u>