COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Humphreys
Argued at Richmond, Virginia


ARCHIE LAREE DAWKINS

MEMORANDUM OPINION[*] BY
v.     Record No. 1079-00-2      JUDGE LARRY G. ELDER
APRIL 17, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Christopher H. Macturk (Barnes & Batzli, on
briefs), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Archie Laree Dawkins (appellant) appeals from his bench trial

convictions for possession of heroin and possession of a firearm

while simultaneously possessing heroin. On appeal, he contends

the trial court erroneously denied his motion to suppress because

the search warrant pursuant to which the heroin and firearm were

found was not supported by probable cause and because the good

faith exception to the warrant requirement did not apply.

Assuming without deciding that the facts recited in the warrant

were insufficient to provide probable cause, we hold that the

evidence supports the conclusions that the magistrate was not

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

misled by information in the affidavit which the officer knew or should have known was false and that the warrant was not so lacking in indicia of probable cause as to render the officer's reliance on the warrant unreasonable. Therefore, we hold that the trial court's denial of appellant's suppression motion was not erroneous, and we affirm appellant's convictions,[1] subject to remand to correct a clerical error.[2]

The Fourth Amendment protects people from unreasonable searches and seizures. U.S. Const. amend. IV. "[T]he Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant" issued on probable cause. Payton v. New York, 445 U.S. 573, 590, 100 S. Ct. 1371, 1382, 63

---

[1] This Court raised, sua sponte, the issue of whether the order from which appellant appealed was actually a final appealable order in light of the fact that the trial court found appellant guilty of the charged offenses but suspended imposition of sentence on appellant's conviction of possession of heroin. For the reasons discussed in our recent decision in Oliver v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (2001), we hold the order was appealable, and we do not consider this issue further.

[2] The parties agree the conviction order of March 24, 2000, erroneously indicates that appellant pled guilty to the charged offenses. The transcript of the proceedings held that same date makes clear that appellant entered pleas of not guilty but "stipulat[ed] that the evidence is sufficient for a finding of guilty on both charges." Therefore, we remand the matter to the trial court for the sole purpose of correcting the clerical error in that order. See Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994); see also Code § 8.01-428(B).

L. Ed. 2d 639 (1980).  Probable cause for issuance of a search

warrant exists when, "given all the circumstances set forth in

the affidavit . . . , there is a fair probability that

contraband or evidence of a crime will be found in a particular

place."  Tart v. Commonwealth, 17 Va. App. 384, 387, 437 S.E.2d

219, 221 (1993) (quoting Illinois v. Gates, 462 U.S. 213, 238,

103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983)).  In deciding

whether probable cause exists to issue a warrant, a magistrate

may draw reasonable inferences from the facts supplied to him.

Williams v. Commonwealth, 4 Va. App. 53, 68, 354 S.E.2d 79, 87

(1987).

The exclusionary rule is a judicial creation which, under

certain circumstances, prevents evidence obtained in violation

of one's Fourth Amendment rights from being admitted into

evidence against him in a criminal prosecution.  See

Commonwealth v. Ealy, 12 Va. App. 744, 750, 407 S.E.2d 681, 685

(1991).

> In [United States v. Leon, 468 U.S. 897, 104
> S. Ct. 3405, 82 L. Ed. 2d 677 (1984)], the
> United States Supreme Court held that
> "suppression of evidence obtained pursuant
> to a warrant should be ordered only on a
> case-by-case basis and only in those unusual
> cases in which exclusion will further the
> purposes of the exclusionary rule."  The
> Supreme Court also stated that "the
> exclusionary rule is designed to deter
> police misconduct . . . ."  This deterrent
> is not present when a police officer, acting
> in objective good faith, obtains a search
> warrant from a magistrate and conducts a

- 3 -

> search within the scope of the warrant. We have embraced and applied the good faith exception to the exclusionary rule.

*Polston v. Commonwealth*, 255 Va. 500, 503, 498 S.E.2d 924, 925-26 (1998) (quoting *Leon*, 468 U.S. at 916, 918, 104 S. Ct. at 3417, 3418) (other citations omitted).

In keeping with the goal of deterring police misconduct, *Leon* provides that the good faith exception to the exclusionary rule is unavailable in four specific instances:

> where [(1)] the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) . . . the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid.

*Miles v. Commonwealth*, 13 Va. App. 64, 71, 408 S.E.2d 602, 606 (1991) (quoting *Atkins v. Commonwealth*, 9 Va. App. 462, 464, 389 S.E.2d 179, 180 (1990)), *aff'd on reh'g en banc*, 14 Va. App. 82, 414 S.E.2d 619 (1992). In determining whether the good faith exception applies, the court is limited to the four corners of the affidavit and may not consider evidence known to the officer but not included therein. *See Janis v. Commonwealth*, 22 Va. App. 646, 654, 472 S.E.2d 649, 653, *aff'd on reh'g en banc*, 24 Va. App. 207, 481 S.E.2d 473 (1996).

At a hearing on a defendant's motion to suppress, the Commonwealth has the burden of proving that a warrantless search or seizure did not violate the defendant's Fourth Amendment rights.  See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989).  In attempting to meet this burden, the Commonwealth is entitled to rely on "a presumption of validity with respect to the affidavit supporting the search warrant." Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684, 57 L. Ed. 2d (1978).  On appeal, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,] and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc) (citing Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996)).  However, we review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case.  See Ornelas, 517 U.S. at 699, 116 S. Ct. at 1663. We use this same standard in determining whether the good faith

exception to the exclusionary rule applies.  See, e.g., United States v. Hendricks, 743 F.2d 653, 656 (9th Cir. 1984).

Assuming without deciding that the search warrant was not supported by probable cause, the items seized from appellant's residence nevertheless were admissible in their entirety under the good faith exception.[3]

Appellant argues on appeal that the good faith exception does not apply both (1) because the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false and (2) because the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable.  We assume without deciding that appellant properly preserved both arguments for appeal but hold that the evidence supports application of the good faith exception.

First, the affidavit was entitled to a presumption of validity, see Franks, 438 U.S. at 171, 98 S. Ct. at 2684, and the record, viewed in the light most favorable to the Commonwealth, fails to establish that the challenged statement in the affidavit was false.  The affidavit indicated that the

---

[3] The precise basis for the trial court's denial of the suppression motion does not appear in the record.  However, in the trial court, the Commonwealth apparently conceded its belief that the warrant was not supported by probable cause.  We presume, therefore, that the trial court's denial of the motion resulted from its application of the good faith exception to the exclusionary rule.

officer saw appellant "drop green plant material on the floor board" of the vehicle, and the officer indicated at the suppression hearing that he observed appellant drop to the floor a brown handrolled marijuana cigar.  Although appellant argues that these statements are inherently at odds, we disagree, for the brown cigar presumably contained "green plant material." Appellant conceded at the motion hearing that, for purposes of determining the existence of probable cause to issue the search warrant, the magistrate could infer the "green plant material" was marijuana, and he did not contest the officer's representation that the cigar contained marijuana.  Both the information in the affidavit and the officer's testimony at trial indicate that appellant threw to the floor a substance which likely was marijuana.  That his trial testimony was more specific does not render the affidavit's recitation false.

Second, even if the statement in the warrant were false, the good faith exception still applies unless the affiant knew the statement was false or should have known it was false. Miles, 13 Va. App. at 71, 408 S.E.2d at 606.  This prong of Leon preserves the earlier holding in Franks, see Leon, 468 U.S. at 923, 104 S. Ct. at 3421; see also Lanier v. Commonwealth, 10 Va. App. 541, 547-48, 394 S.E.2d 495, 499-500 (1990); 1 Wayne R. LaFave, Search and Seizure § 1.3(f), at 71-72 (3d ed. 1996), in which the Court held that proof of a false statement resulting

- 7 -

from "negligence or innocent mistake [is] insufficient" to require exclusion of the resulting evidence, Franks, 438 U.S. at 171, 98 S. Ct. at 2684.  Appellant presented no evidence to the trial court that the statement, if false, was intentional or reckless and conceded in oral argument before this Court that the error could have been negligence.  Further, viewing the evidence in the light most favorable to the Commonwealth, the trial court, in refusing to apply the exclusionary rule, implicitly found the officer's inclusion of a false statement was not intentional or reckless.  See Lanier, 10 Va. App. at 549-50, 394 S.E.2d at 500-01.  We cannot say this finding was plainly wrong or without evidence to support it.

Finally, we reject appellant's argument that the allegedly false statement likely misled the magistrate to infer the "green plant material" was a bag indicative of distribution.  This inference is not supported by the record.  The affidavit does not state whether the green plant material was in any sort of container or how much green plant material the officer observed, and the magistrate did not question the officer affiant about these issues.

For these reasons, we reject appellant's argument that prong one of Leon required the trial court to grant his motion to suppress.

We also conclude the evidence supports the trial court's implicit holding that the affidavit was not "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable. Appellant contends the affidavit provides an insufficient nexus between the marijuana and the premises to be searched and an insufficient basis to support the broad scope of the warrant to search for evidence of distribution of drugs rather than mere possession. We disagree. Probable cause "'does not require actual knowledge. "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause."'" Quigley v. Commonwealth, 14 Va. App. 28, 34, 414 S.E.2d 851, 855 (1992) (quoting Wescott v. Commonwealth, 216 Va. 123, 126, 216 S.E.2d 60, 63 (1975)) (other citations omitted).

Contrary to appellant's assertions, this case is distinguishable from Janis, 22 Va. App. 646, 472 S.E.2d 649, in which we held the challenged affidavit contained an insufficient nexus between marijuana being cultivated in Dinwiddie County and the Hopewell residence for which the search warrant was issued. Id. at 653-55, 472 S.E.2d at 653-54. The affidavit in Janis indicated that Janis was seen on property in Dinwiddie on which marijuana was being cultivated, but it gave no indication as to how Janis was linked to the residence to be searched. See id. at 652-53, 472 S.E.2d at 653.

- 9 -

In appellant's case, by contrast, the affidavit indicated that appellant's mother confirmed he resided in the residence to be searched and that the officer had observed appellant leave the residence only moments before the officer found marijuana in appellant's possession.  Further, the information in the affidavit was sufficient to indicate that appellant likely had marijuana in his possession inside the residence.  Officer Musselwhite swore that when appellant exited the residence, "he appeared to have an object cupped in his [left] hand, he got into the car and I walked over to him and I asked him to step out because I [believed] he may have a weapon[.]  [A]s the car door opened I observed him drop green plant material on the floor board."  A reasonable inference from this recitation of events is that the green plant material appellant dropped to the floor was the same substance he had cupped in his left hand when he exited his residence only moments before.  Thus, as to the nexus between the marijuana and appellant's residence, we cannot say the trial court erred in concluding that the affidavit was not "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable.

We similarly reject appellant's argument that a reasonable officer should have known the affidavit provided an insufficient basis to support a search for items indicative of distribution.  In addition to marijuana, the affidavit indicated appellant

- 10 -

possessed over $2,000 in five, ten and twenty-dollar bills, and a cellular telephone.  The magistrate was entitled to draw reasonable inferences from these facts.  Although possession of these non-contraband items could have been innocent and may not, in fact, have provided probable cause to believe appellant was distributing drugs, we cannot say the evidence of possible distribution was "so lacking in indicia of probable cause" as to render the officer's belief in it unreasonable.

For these reasons, we affirm both the trial court's denial of the suppression motion and the challenged convictions. However, in keeping with footnote 2, supra, we remand to the trial court for the sole purpose of amending the conviction order to correct a clerical error.

Affirmed on the merits and remanded with instructions.