**Salem**

RONNIE RAY ATKINS

v.

COMMONWEALTH OF VIRGINIA

No. 0715-88-3

Decided February 27, 1990

COUNSEL

N. Randolph Bryant (Prosser, Parthemos & Bryant, P.C., on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—Appealing convictions for distribution of cocaine and possession of cocaine, the appellant contends that evidence admitted against him was seized pursuant to a defective search warrant and was, therefore, inadmissible. We hold that, even though the search warrant may have been issued upon a defective affidavit, the evidence seized was admissible because of the good faith exception to the exclusionary rule.

The affidavit presented to the magistrate alleged that an investigator for the Virginia State Police gave money to a man named Anthony Sutherly to purchase cocaine. Sutherly, described in the affidavit as the appellant's son, proposed to a state police investigator to take him to his father's apartment to buy cocaine from his father. The investigator drove Sutherly to the apartment. Sutherly got out of the investigator's automobile, walked to the front porch of the residence he had indicated, and disappeared from the investigator's sight. A short time later, he returned from the same location, entered the investigator's car and gave him approximately 2.5 grams of cocaine, which he said he had purchased from his father. Based on the affidavit, a search warrant was issued for a search of the appellant's apartment. Cocaine was found in the apartment.

The trial court, which admitted the seized evidence based on the good faith exception, concluded that the affidavit was defective because it failed to identify the time at which these events occurred. The Attorney General concedes that the affidavit was defective in this regard. In addition, the appellant argues that the affidavit was defective in not verifying Sutherly's reliability and in

not stating where the transaction between Sutherly and the appellant occurred or where the contraband was actually located in the appellant's residence. We need not address the precise reasons why the affidavit was defective because we agree with the trial court's finding that the evidence was admissible under the good faith exception to the exclusionary rule.

Under the good faith exception evidence illegally seized is admissible if the officer conducting the search reasonably relied on a search warrant issued by a detached and neutral magistrate. *United States v. Leon*, 468 U.S. 897, 913 (1984); *McCary v. Commonwealth*, 228 Va. 219, 232, 321 S.E.2d 637, 644 (1984). The good faith exception to the exclusionary rule applies to a search conducted with a warrant except (1) where the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid. *Leon*, 468 U.S. at 923. The defendant, relying on the third limitation, contends that the defects in the affidavit made it "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable.

The warrant in this case, however, was not based on a "bare bones" affidavit. The affidavit contained a detailed description of the nature of the offense, the premises to be searched, the items for which they were searching, and the transaction which led the informant to believe that the drugs would be in this apartment. The affidavit also stated that the informant was an experienced Virginia State Police Officer. Under these facts, we conclude that the affidavit was not "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable. *See Corey v. Commonwealth*, 8 Va. App. 281, 289-90, 381 S.E.2d 19, 23-24 (1989)

For these reasons, we conclude that the trial court did not err in admitting the evidence and that the judgments of conviction should be affirmed.

*Affirmed.*

Koontz, C.J., and Moon, J., concurred.