COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Beales
Argued at Chesapeake, Virginia


JASON KEITH RICHARDS

MEMORANDUM OPINION[*] BY
v.      Record No. 0029-06-1      JUDGE RANDOLPH A. BEALES
JANUARY 23, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William C. Andrews, III, Judge

Kimberly Enderson Hensley, Assistant Public Defender (Office of
the Public Defender, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jason Keith Richards (appellant) was convicted of possession of a firearm by a felon under

Code § 18.2-308.2 and possession of marijuana (less than five pounds) with intent to distribute

under Code § 18.2-248.1.  Appellant was awarded an appeal on two issues regarding these

convictions.  The first issue questions whether probable cause existed for the issuance of a search

warrant.  The second issue questions the sufficiency of the evidence to support the marijuana

conviction.  Based on the following discussion, we affirm both convictions.

I.  Facts

On April 15, 2004, Officer Keith Tucker stopped the car in which appellant was a

passenger.  During the stop, the officer smelled unburnt, "raw" marijuana in the vehicle.  He and

another officer inspected the inside of the vehicle, discovered that the door panels had no screws

or handles, and took off the panels.  Inside the back, passenger-side door, the officers discovered

—————————
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

two ounces of marijuana in two separate packages. One package contained a large amount of marijuana; the other package contained eight individually wrapped bags of marijuana.[1]

During the stop, appellant told the officers that his mother owned the car, but she gave it to him as a present. He also admitted that the keys in the ignition were his. One of the keys on the ring appeared to be a safe key, although appellant denied that it was a key to a safe. Appellant had $160 in cash and a cell phone with him.

Based on this information, Officer Tucker went to the magistrate to obtain a search warrant for appellant's home, 431 Marion Road, Hampton, Virginia. The affidavit listed only the following facts: two ounces of marijuana were recovered from appellant, appellant lives at 431 Marion Road in Hampton, and the officer has learned through his training that drug dealers keep currency, documents, and/or drugs in their residences. While not mentioned in the affidavit, Officer Tucker provided additional information to the magistrate, as he explained in his testimony at the suppression hearing:

> I [also] explained to [the magistrate] the statements that were given by the female driver of the vehicle,[2] the amount of money, the amount of marijuana, the way it was transported in the vehicle, and [appellant] in constant denial of any drugs or having a safe key on his key chain.

The warrant was executed less than an hour after the encounter with appellant. When executing the warrant, the police searched only one bedroom in the house. In that bedroom, the police found paperwork belonging to appellant. One key on the key ring taken from the ignition of the car opened the lock on a closet door. In that closet the police found bags of marijuana totaling almost three ounces, a revolver, a nameplate that said "Jason" sitting beside the marijuana, and a floor safe. The officers opened the floor safe with the safe key that Officer

---

[1] Appellant does not argue that this evidence should be suppressed.

[2] Officer Tucker never stated on the record what these statements were.

Tucker noticed on the key ring. Inside the safe were titles to various vehicles, $500 in cash, and a handgun. The officers also found digital scales, some "packaging material" (sandwich bags), and some ammunition. No smoking devices were found. The officer testified that, based on the evidence and his training, possession of the marijuana found in the bedroom was inconsistent with personal use.

On May 12, 2004, Officer Stacy Bishop was serving warrants on appellant, who was incarcerated in Norfolk. Appellant told Officer Bishop

> that he had took the gun from a white guy named John, but he didn't know his last name, but he drives a tan Acura. And he took the gun because John seemed to be upset and he thought that he was going to do something bad so he took the gun, put it in his safe for safekeeping.

Appellant also said he did not know the gun was stolen and "that the safe was his and that he was the only one who had the combination to it."

The trial court heard evidence on appellant's motion to suppress the items collected pursuant to the search warrant. The court accepted Officer Tucker as an expert on the sale, use, and manufacture of illegal drugs. After considering all the evidence presented, the court found that the facts were sufficient to provide probable cause for the warrant.

During the guilt phase of the trial, Officer Tucker again testified as an expert witness. The Commonwealth introduced a certificate of analysis that stated the plant material collected in the vehicle and the house was marijuana.

## II. Analysis

### A. The Search Warrant

Appellant argues that Officer Tucker's affidavit failed to establish probable cause for the issuance of a search warrant for his home. He also claims that the affidavit was so deficient that the officer could not in good faith rely on the issuance of the warrant to authorize the search of

appellant's home.  The Commonwealth asks this Court to find that the officer acted in good faith when he executed the search warrant.[3]

When reviewing the granting of a search warrant, we give deference to the magistrate's decision.

> [T]he Supreme Court cautioned that an after-the-fact review of a magistrate's decision should not be made *de novo* and that great deference should be given to the magistrate's finding of probable cause. [Illinois v.] Gates, 462 U.S. [213,] 236 [(1983)].  The Supreme Court observed, "'[a] grudging or negative attitude by reviewing courts toward warrants,' . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; 'courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a commonsense, manner.'"  Id. at 236, (quoting United States v. Ventresca, 380 U.S. 102, 108-09 (1965)).

Derr v. Commonwealth, 242 Va. 413, 421, 410 S.E.2d 662, 666 (1991); see also Anzualda v. Commonwealth, 44 Va. App. 764, 775, 607 S.E.2d 749, 754 (2005) (*en banc*).

Even with this standard of review, however, the written affidavit is insufficient on its face.  Although the written affidavit says the officer's training taught him to believe that people "transporting and/or distributing narcotics" maintain safe places in their homes, nothing in this affidavit contends that appellant was transporting or distributing narcotics, other than the fact that the officer intended to charge him with "possession of marijuana with the intent to distribute."  The facts supporting the officer's belief that appellant was a drug dealer were not included in the written affidavit.  The packaging and the placement of the drugs, where appellant was in relation to the drugs, and the circumstances of the stop -- none of this information is included in the affidavit.  However, the magistrate had additional information.  The officer told the magistrate, as opposed to including this information in the written affidavit, about the manner

---

[3] The Commonwealth did not concede that the magistrate did not have probable cause for the issuance of the warrant, but did argue that this Court should avoid the probable cause analysis and discuss the good faith exception instead.

- 4 -

in which appellant was transporting the drugs, appellant's protestations that no drugs were in the car, and appellant's statements about the safe key on his key ring.

These additional facts, although presented orally to the magistrate,[4] can be used when considering whether execution of a search warrant violated the Fourth Amendment's restrictions on searches.  In the past, this Court has made clear that, if an officer has additional facts that he *does not disclose* to the magistrate, then those additional facts will not rehabilitate a deficient affidavit.  Janis v. Commonwealth, 22 Va. App. 646, 655, 472 S.E.2d 649, 655, aff'd by reh'g en banc, 24 Va. App. 207, 479 S.E.2d 534 (1996).  However, statements that an officer *does make* to the magistrate *can* be considered when reviewing the decision to issue and execute a search warrant.  The Supreme Court of Virginia explained:

> The Fourth Amendment requires that the magistrate receive sufficient information, under oath or affirmation, to support a finding of probable cause.  Gates, 462 U.S. at 236.  There is no requirement under the Fourth Amendment that the sworn statement be reduced to writing.  United States ex rel. Gaugler v. Brierley, 477 F.2d 516, 522 (3d Cir. 1973).  Thus, an insufficient affidavit may be supplemented or rehabilitated by information disclosed to the issuing magistrate upon application for the search warrant.  Id.; Leeper v. United States, 446 F.2d 281, 286 (10th Cir. 1971), cert. denied, 404 U.S. 1021 (1972); see Whiteley v. Warden, 401 U.S. 560, 565 n.8 (1971); Aguilar v. Texas, 378 U.S. 108, 109 n.1 (1964).

McCary v. Commonwealth, 228 Va. 219, 231, 321 S.E.2d 637, 643 (1984).  This Court recently addressed a similar issue in Adams v. Commonwealth, 48 Va. App. 737, 747, 635 S.E.2d 20, 25 (2006) ("An affidavit deficient on its face may, under appropriate circumstances, be rehabilitated with facts not included in the affidavit . . . .").  See also United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994) ("[M]agistrates may consider sworn, unrecorded oral testimony in making

---

[4] Appellant did not challenge or question at trial whether Officer Tucker's statements to the magistrate were made under oath.  As he never presented this argument to the trial court, he cannot raise that concern on appeal.  Rule 5A:18.

probable cause determinations during warrant proceedings . . . .").  Based on the facts and argument presented here, the magistrate did not err in considering the oral statements of the officer when reviewing the application for the search warrant.

As appellant correctly argues, to support probable cause, the facts presented to the magistrate must prove a sufficient nexus between his home and the marijuana discovered in his car.  See United States v. Tran, 433 F.3d 472, 482 (6th Cir.) ("[T]he failure to establish an adequate nexus between the [place to be searched] and any criminal activity within the four corners of the affidavit is not necessarily fatal, provided that the information is actually presented to the magistrate through sworn oral testimony."), cert. denied, 127 S. Ct. 227 (2006); Anzualda, 44 Va. App. at 778-79, 607 S.E.2d at 756 (noting that nothing linked the evidence of a crime to the home of Anzualda, as no statement in the affidavit alleged that drug dealers usually keep evidence of their crimes in their homes).  Appellant argues the facts presented to the magistrate, whether in writing or orally, or both, did not sufficiently establish such a nexus.  Therefore, he concludes, the magistrate erred in issuing the warrant, and the trial court should have excluded the evidence collected during the execution of the warrant.

Under the Supreme Court's decision in United States v. Leon, 468 U.S. 897 (1984), we need not reach the question of whether the magistrate erred in finding a nexus between appellant's criminal behavior and his home.   Based on the reasoning in Leon, if the facts here did not sufficiently establish probable cause for the search warrant, yet Officer Tucker acted in good faith reliance on the warrant, then the exclusionary rule should not be applied to suppress the evidence.  Id. at 919-24; Anzualda, 44 Va. App. at 779-87, 607 S.E.2d at 756-60.  The Supreme Court explained our standard of review for such cases:

> "[Searches] pursuant to a warrant will rarely require any deep
> inquiry into reasonableness," Illinois v. Gates, 462 U.S., at 267
> (WHITE, J., concurring in judgment), for "a warrant issued by a
> magistrate normally suffices to establish" that a law enforcement

- 6 -

officer has "acted in good faith in conducting the search." <u>United States v. Ross</u>, 456 U.S. 798, 823, n. 32 (1982). Nevertheless, the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable, <u>cf</u>. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 815-819 (1982), and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued.

<u>Leon</u>, 468 U.S. at 922-23 (footnotes omitted). A reviewing court should consider all the circumstances surrounding the issuance of a warrant. <u>See</u> <u>id.</u> at 922 n.23; <u>United States v. Payne</u>, 341 F.3d 393, 400 (5th Cir. 2003).

Appellant essentially argues that the Commonwealth cannot rely on the <u>Leon</u> good faith exception because the information presented to the magistrate was "'so lacking in indicia of probable cause' as to render official belief in its existence unreasonable." <u>Atkins v. Commonwealth</u>, 9 Va. App. 462, 464, 389 S.E.2d 179, 180 (1990) (citing <u>Leon</u>, 468 U.S. at 923). Specifically, he contends that the information presented to the magistrate did not establish a nexus between his alleged possession of marijuana and his home. Therefore, appellant concludes, the officer could not reasonably rely on the magistrate's finding of probable cause.[5] However, the circumstances did "contain some indicia of probable cause," sufficient to justify

---

[5] Four exceptions to the <u>Leon</u> good faith exception exist:

> (1) where the magistrate was misled by information in the affidavit which the affiant knew was false or should have known was false, (2) the issuing magistrate totally abandoned his judicial role, (3) the warrant was based on an affidavit "so lacking in indicia of probable cause" as to render official belief in its existence unreasonable or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid. <u>Leon</u>, 468 U.S. at 923.

<u>Atkins</u>, 9 Va. App. at 464, 389 S.E.2d at 180; <u>see also</u> <u>Miles v. Commonwealth</u>, 13 Va. App. 64, 71, 408 S.E.2d 602, 606 (1991), <u>aff'd by reh'g en banc</u>, 14 Va. App. 82, 414 S.E.2d 619 (1992). Appellant argues only the third exclusion, unreasonable reliance by the officer on the affidavit.

the officer's reliance on the determination of probable cause by the magistrate. <u>Anzualda</u>, 44 Va. App. at 781, 607 S.E.2d at 758.

The written affidavit contained a statement, based on the officer's experience, that people "transporting and/or distributing narcotics . . . normally maintain[] a safe area – the person[']s residence." This statement alone might be insufficient to support the officer's reliance on the warrant, but the officer knew that the magistrate considered additional information that he presented orally. <u>See</u> <u>Payne</u>, 341 F.3d at 400 ("Generalizations in an affidavit regarding the likely location of evidence will not undermine the reasonableness of reliance on the warrant.").

While not mentioned in the written affidavit, the officer also told the magistrate about the manner in which appellant was transporting the marijuana, hiding it in the doors of his car. This additional information allowed the magistrate to conclude that appellant was "transporting and/or distributing narcotics." In addition, Officer Tucker told the magistrate that appellant lied about the marijuana in the car. The officer also told the magistrate about the safe key, which links appellant's home to criminal activity. The probable place to find the safe was appellant's home. Although a safe can contain legitimate property, appellant's denial that the key was for a safe, when the officer could tell that the key clearly opened a safe, created suspicion that more illegal substances would be found there. These additional facts regarding the transportation of the marijuana and the safe key, together with the statement from the written affidavit that people transporting drugs normally maintain a safe area in their homes, created a sufficient appearance of a nexus between the home and appellant's drug activity for the officer to reasonably rely on the magistrate's issuance of the warrant as a sufficient determination of probable cause to justify the search. The totality of the information presented to the magistrate was not so vague and lacking in indicia of a nexus that Officer Tucker should not have relied on the issuance of the warrant.

B.  Sufficiency

When reviewing the record for sufficiency of the evidence to support a conviction, we consider the evidence in the light most favorable to the Commonwealth, as the party prevailing below, and will not overturn the conviction unless the decision was "plainly wrong or without evidence to support it."  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  As part of this review, we allow all reasonable inferences that flow from the evidence in favor of the Commonwealth.  Id.

The facts here were sufficient to prove appellant possessed marijuana.  He claimed to own the car in which the officers found a significant quantity of the drug, hidden behind the door panels.  He had been driving the car, and the interior of the car smelled of marijuana.  The evidence also proved he possessed the marijuana found in his home.  A key on appellant's key chain opened the closet where the drugs were found.  The safe key that Officer Tucker noticed earlier opened the safe in the closet.  Other items belonging to appellant were in the closet and in the room.  He lived at this address.  Given these places were locked, and appellant had the keys, the court certainly could infer that appellant had control of these areas and their contents.  The trial court reasonably concluded that appellant had possession of the marijuana in the closet.

The evidence also proved appellant possessed the marijuana with the intent to distribute the drug.  Packaging material, a digital scale, guns, and ammunition were found in appellant's room.  The amount of marijuana found in the closet was inconsistent with personal use.  No smoking device was ever found on appellant, in his car, in his closet, or in the room that was searched.  Appellant had $500 in cash in the safe.  The officer testified, based on his experience, that these circumstances were not consistent with personal use of marijuana.

### III. Conclusion

The trial court did not err by denying appellant's motion to suppress the evidence collected during the execution of the search warrant, and we find the evidence was sufficient to support appellant's conviction for possession of marijuana with the intent to distribute.[6]

Affirmed.

---

[6] Appellant does not argue on appeal that the evidence was insufficient to support the firearm charge.