# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Samuel Fuller

June 17, 2009

Case No. CR09-1171

BY JUDGE MARY JANE HALL

This matter comes before the Court on Defendant's Motion to Suppress evidence seized pursuant to an allegedly invalid search warrant that was issued without probable cause.

The Court agrees that the search warrant in this matter is fatally defective for its failure to state when the facts alleged in the supporting affidavit took place. Further, the warrant itself does not specify with sufficient particularity the items to be seized. The good faith exception does not apply. Defendant's Motion to Suppress Evidence seized pursuant to the warrant is granted.

*Facts*

Norfolk police arrested Defendant following a police search of his residence from which they recovered, *inter alia*, six cell phones, a handgun and magazine, a clear plastic bag containing 24 small bags of leafy substance, and a digital scale. The police requested the search in relation to the offense of

"larceny with the intent to sell." The affidavit described a residence in the City of Norfolk to be searched, and the warrant authorized a search for "any and all items, instrumentalities pertaining to the crime of larceny."

A detective who arrested Ambria Garrett for possession of stolen property provided the affidavit supporting the search warrant. The detective had ascertained from a pawn inquiry into the Law Enforcement Exchange that Ms. Garrett pawned a television recently stolen from Old Dominion University. Ms. Garrett confessed to pawning the item and advised the detective that she had received the stolen television from her boyfriend, Samuel Fuller. According to the detective's affidavit, she stated "she has observed Samuel Fuller with other stolen property in his possession." The affidavit includes no information as to *when* Ms. Garrett observed the other stolen property, *what specific items* of stolen property she observed, or *how* she knew that the property was stolen.

*Analysis*

A. *The Lack of Any Reference to Time*

A magistrate's determination of whether probable cause exists for issuing a search warrant must gauge the likelihood that evidence of a crime may presently be found at a certain location. As Professor Bacigal notes in his treatise on Virginia criminal procedure:

> The time of the occurrence of the facts relied upon by the affiant is a prime element in determining probable cause for the issuance of a search warrant. The facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search and not simply as of some time in the past. The magistrate must determine whether the facts presented create a reasonable belief that the same conditions described in the affidavit exist at the time of the issuance of the warrant.

Bacigal, *Virginia Criminal Procedure* (2008-2009 ed.) § 4-10 (citing *Sgro v. United States*, 287 U.S. 206 (1932), and *United States v. McCall*, 740 F.2d 1331, 1335 (4th Cir. 1984) ("there is no question that time is a crucial element of probable cause")).

A valid search warrant may issue only upon allegations of "facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *Sgro v. United States*, 287 U.S. 206, 210-11 (1932). "Whether the proof meets this test must be determined by the circumstances of each case." *Id.* Consequently, evidence seized pursuant to a warrant supported by "stale" probable cause is not admissible in a criminal trial to establish the defendant's guilt. *See, e.g., United States v. McCall*, 740 F.2d at 1337.

The affidavit in the instant case offers no clue as to when Defendant's girlfriend observed stolen property in his residence. As the United States Court of Appeals for the Sixth Circuit explained, "[b]ecause probable cause has a durational aspect, at least some temporal reference point is necessary to ascertain its existence." *United States v. Hython*, 443 F.3d 480, 486 (6th Cir. 2006). The *Hython* Court invalidated a warrant authorizing a search of a defendant's residence because neither the affidavit nor the warrant specified the date on which the drug transaction at the defendant's house described in the affidavit took place. The Court wrote:

> Even had the affidavit stated that, from time out of mind, 241 South Fifth Street had been a notorious drug den, some recent information would be necessary to eliminate the possibility that a transfer in ownership or a cessation of illegal activity had not taken place. In this instance, without a date or even a reference to "recent activity," etc., there is absolutely no way to begin measuring the continued existence of probable cause.

*Id.* at 486; *see also United States v. Haney*, 2009 U.S. Dist. LEXIS 4076 at *3-4 (W.D. Tenn. 2009) ("In the absence of *any* evidence of the passage of time, a court is incapable of determining whether probable cause exists.").

The Court is mindful that the magistrate might, in some cases, have sufficient information from which to infer that the activity described occurred recently, even without a specific reference to time, but this is not such a case. If, for example, Ms. Garrett had stated that she observed other stolen televisions in Defendant's house when she was picking up the television that became the subject of her arrest, the magistrate could have determined from the date of the theft that her observation happened within the previous month. No basis for any such inference appears in the affidavit. Ruling on a search warrant suffering from the same defect, the Pennsylvania Supreme Court wrote:

Here, the affiant's information merely asserted that, at some point in the past, which could have been a day, a week, or months prior to the date of the affidavit, appellant had sold informant-Lohn marijuana. . . . It is one thing to expect the magistrate to give a common sense reading to facts set forth and to draw inferences from them. It is quite another thing to expect the magistrate to reach for external facts and to build inference upon inference in order to create a reasonable basis for his belief that a crime is *presently* being committed.

*Commonwealth v. Simmons*, 301 A.2d 819, 823 (Pa. 1973).

A temporal reference in an affidavit may be excused when "the criminal activity alleged in the warrant is . . . ongoing in nature [or] the evidence sought [is] intrinsically likely to remain at the location where it was originally observed." *United States v. McCall*, 740 F.2d 1331, 1335 (4th Cir. 1984); *see also United States v. McKeever*, 5 F.3d 863, 866 (5th Cir. 1993) (although the affidavit provided no date for on-site surveillance, probable cause existed because the affidavit indicated a 21-month time frame for illegal activity and the evidence was of durable nature). The warrant in this case, however, does not support any conclusion of ongoing criminal activity at the residence such that some reference to time might be excused.

Because the magistrate in the instant case had no information about when the informant allegedly observed stolen property in the defendant's home, he could not have determined the existence of probable cause to search the residence. *See Atkins v. Commonwealth*, 9 Va. App. 462, 463 (1990) (affidavit that fails to identify time at which events occurred is defective); *Anzualda v. Commonwealth*, 44 Va. App. 764, 777, 607 S.E.2d 749, 755 (2005) ("Because the officer failed to provide any sort of a temporal context for the events described, the magistrate did not have a 'substantial basis' for concluding that there was probable cause to issue the warrant.").

The Court finds that the magistrate lacked probable cause to issue the warrant, and the warrant is therefore invalid.

## B. *The Particularity Requirement*

The police power to search and seize is limited by the Virginia constitutional prohibition against general warrants, as set forth in Article I, § 10, of the Constitution of Virginia, and by the Fourth Amendment requirement that warrants particularly describe the person or things to be seized. This limitation safeguards the individual's privacy interest against "the

wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 80 (1987); *see also Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (particularity requirement "prevents the seizure of one thing under a warrant describing another"). Explaining the particularity requirement, the United States Supreme Court explained that the "specific evil is the 'general warrant' abhorred by the colonists, and the problem is not that of intrusion *per se*, but of a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (plurality opinion).

A valid warrant must describe the objects to be seized with sufficient particularity so as to leave "nothing . . . to the discretion of the officer executing the warrant." *Andresen*, 427 U.S. at 480. Virginia Code § 19.2-54 provides, "[n]o search warrant shall be issued until there is filed with the officer authorized to issue the same an affidavit of some person reasonably describing . . . the things or persons to be searched for." Describing the particularity requirement, Professor Bacigal writes:

> Although the Virginia courts have not addressed the issue, most courts recognize that the requirement for a detailed description of seizable items is least stringent when searching for contraband. A search warrant for stolen goods and instrumentalities normally requires some description beyond use of the generic terms "stolen goods" or "the weapon used in the armed robbery."

Bacigal, *Virginia Criminal Procedure* (2008-2009 ed.) § 4-6.

The Norfolk police officers executing the warrant to search Fuller's house were instructed to seize "any and all items, instrumentalities pertaining to the crime of larceny," not "larceny from Old Dominion University," or "larceny of television sets," but simply "the crime of larceny." The Court cannot fathom how any officer would have known what to look for based upon that description.

Search warrants that limit the executing officer's discretion by directing them to seize only evidence of a specific crime have been held to satisfy the particularity requirement of the Fourth Amendment. *See Morke v. Commonwealth*, 14 Va. App. 496, 501 (1992) (rejecting defendant's challenge to warrant authorizing seizure of specific property stolen from a named victim, including descriptions of particular items of stolen jewelry). The warrant in this case, in contrast, did not refer to a "specific" crime or enumerate stolen items.

The United States Court of Appeals for the Eighth Circuit rejected a similarly generic description of property to be seized as impermissibly broad and violative of the Fourth Amendment in *United States v. LeBron*, 729 F.2d 533, 536-37 (8th Cir. 1984). The warrant in that case authorized a search for "other property, description unknown, for which there exists probable cause to believe it to be stolen." The Court suppressed the evidence that was seized under authority of the warrant.

> [T]he general description of "property . . . believe[d] to be stolen" is not a description of a generic class. In fact, it is not descriptive at all. It is simply conclusory language. No guidelines are provided to guide the officers in their execution of the warrant or to limit their discretion. No means of distinguishing between stolen property and property that is not stolen is delineated; moreover, the distinction is not one that is readily apparent. These directions provide no protection against subjecting a person's lawfully held property to a general search and seizure. Such a general authorization allows officers to search indiscriminately throughout one's house and to seize anything they please.

*Id.* at 537.

The Court finds that the generic description of property included in the warrant at issue violates the particularity requirement of the Virginia Constitution and the Fourth Amendment.

## C. *Inapplicability of the Good Faith Exception*

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court held that suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." *Id.* at 918. This good faith exception to the exclusionary rule is not available in four instances, two of which apply in the instant case: "(3) the warrant was based on an affidavit 'so lacking in indicia of probable cause' as to render official belief in its existence unreasonable, or (4) where the warrant was so facially deficient that an executing officer could not reasonably have assumed it was valid." *Atkins v. Commonwealth*, 9 Va. App. 462, 464 (1990) (quoting or citing *United States v. Leon*, 468 U.S. 897, 923 (1984)).

For the reasons described, the Court finds that the affidavit was so lacking in indicia of probable cause, with no reference to what specific items of stolen property the girlfriend observed, when she observed them, or how she knew that they were stolen, that the executing officer (who was also the affiant) could not have concluded that probable cause existed. Further, the complete lack of any particularity in the description of the items to be seized should have been obvious to an executing officer. As the Court held in *United States v. George*, 975 F.2d 72, 77-78 (2d Cir. 1992), "it is the type of facially invalid warrant that could not have been relied upon in good faith because 'one who simply looked at the warrant would suspect it was invalid'." *Id.* at 77-78, citing *United States v. Gordon*, 901 F.2d 48, 50 (5th Cir.), *cert. denied*, 112 L. Ed. 2d 522, 111 S. Ct. 510 (1990). See *United States v. Leary*, 846 F.2d 592, 609 (10th Cir. 1988) (reasonably well-trained officer should know a warrant must provide guidelines for determining what evidence may be seized).

Although the Virginia Supreme Court has cautioned that an officer is "not required to go behind a magistrate's probable cause determination," *Adams v. Commonwealth*, 275 Va. 260, 274, 657 S.E.2d 87 (2008), and is not expected to "possess the knowledge of a trained attorney," *id.* at 277; but he or she may nonetheless not rely on a "bare bones" affidavit. *United States v. Leon*, 468 U.S. at 923, n. 24. An example of a warrant so facially deficient that an executing officer could not reasonably presume it to be valid that the *Leon* decision provided is a warrant that "fail[s] to particularize the things to be seized," the very circumstance present in this case. *Id.* at 923.

Therefore, the Court holds that the good-faith exception to the exclusionary rule does not apply and will not serve to avoid suppression in this case.

*Conclusion*

Defendant's Motion to Suppress is granted.